The opinion of the court was delivered by
Tilghman, C. J.
This is an action of debt, on bond, brought by Adam Spring, (for the use of Gavin Henry) against Jacob and Isaac Updegraff. The defendants pleaded payment, on which is - *190 sue was joined and the cánse went to trial. The defendants offered in evidence, the records of two foreign attachments, in suits brought by George Spring against ./I dam Spring, by virtue of which the debt now demanded was attached in the hands of the defendants. This evidence was objected to by the plaintiff’s counsel, and rejected by the court, upon which a bill of exceptions was taken to their opinion. I think the evidence was not admissible under the plea of payment, because, certainly the attachment was no payment. It ought to have been pleaded specially; or, if the plea had been payment, with leave, &c., and then notice had been given to the plaintifíj that it was intended to give the attachments in evidence, under our practice the evidence might have been received.
The defendants being thus cut off from their defence, asked permission to plead the attachments, under our act of assembly, which gives leave to the defendant, to alter his.plea during the trial. The court refused to permit the defendants to alter their plea, upon which an exception was taken to their opinion. In support of the decision of the court below, the defendant in error contends, 1st. That it was too late to plead the attachments in abatement; and 2d. That they were not pleadable in bar, because no scire facias had issued against the garnishee, nor had he paid the money. It is true, that it was too late to plead in abatement, but, I cannot agree,, that the attachments might not have been pleaded in bar, for the purpose of showing that the plaintiff was not entitled to recover the whole sum demanded in this suit. It appears by the records of the attachments, that after depending some time, they had been discontinued. As long as they were depending, the debt was tied up, in the hands of the defendants. They were not permitted to make payment to the plaintiff, of either principal or interest, and under these circumstances, if every thing had been fair on the part of the defendants, they might have been entitled to some deduction of interest. It was decided in the case of Fitzgerald v. Caldwell, 2 Dall. 215. 1 Yeates, 274, that the garnishee in a foreign attachment, conducting himself with good faith, is not liable to the payment of interest, during the time the attachment was depending. Whether there was any misbehaviour of the defendants in this case, as is suggested by the plaintiff’s counsel, who charges them with collusion with the plaintiff in the attachments, we know not. That would have been matter for the consideration of the jury when the case came before them. But the question is, whether the defendants had not a right to bring the records of the attachments before the jury. It appears, that the plea of payment, put in by the defendants, did not let them in to make the defence which they intended. They stood then, in the predicament comtemplated by the act of 21st March, 1806,4 Sm. L. 328, by which it was enacted, that the defendant may alter his plea or defence during the trial, provided that if by such alteration the plaintiff is taken by surprise, *191 the trial shall be postponed till the next court. I am of opinion, that under this act of assembly, the defendants were entitled to an alteration of their pleas, and therefore there was error in the refusal of the court, to permit the alteration. The judgment is to be reversed and venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.